Case: 25CI1:17-cv-00500-JAW   Document #: 2   Filed: 08/15/2017   Page 1 of 12

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**QUANDOM BENN**                                                              **PLAINTIFF**

**VS.**                                               CIVIL ACTION NO. _17-500_

**HCL TECHNOLOGIES and**
**ENTERGY OPERATIONS, INC.**                                                  **DEFENDANTS**

### COMPLAINT

COMES NOW, Plaintiff Quandom Benn, and files this, his Complaint for violation of The Fair Credit Reporting Act, Promissory Estoppel, Breach of Contract, Breach of the Implied Warranty of Good Faith and Fair Dealing, Negligence, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Punitive Damages against HCL Technologies, d/b/a HCL America, Inc. (hereinafter "HCL") and Entergy Operations, Inc. (hereinafter "Entergy"); and in support of the Complaint, the Plaintiff would show as follows:

### NATURE OF PLAINTIFF'S CLAIMS

The lawsuit against Entergy Operations, Inc. arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681(b) *et seq.*, ("FCRA"), for Defendant's practice of (1) procuring consumer reports of Plaintiff without first (a) making a full disclosure to Plaintiff that a consumer report may be obtained or (b) obtaining authorization in writing from Plaintiff for the procurement of a consumer report; and (2) taking adverse action against Plaintiff based on consumer reports without first: (a) providing Plaintiff with a pre-adverse action disclosure statement; (b) providing Plaintiff with a copy of his rights under FCRA; and (c) providing Plaintiff with an opportunity to dispute the accuracy of the report prior to taking adverse action.


EXHIBIT A

The lawsuit against HCL Technologies arises under several state-law claims for Defendant's actions in hiring Plaintiff on a twelve-month contract for employment pending a background check, hiring him after completion of the background check, and subsequently terminating him after his employment began, causing monetary damage and infliction of emotional distress due to a clear breach of his employment contract.

## SERVICE OF PROCESS

1. HCL is a California corporation licensed to do business in Mississippi whose office is maintained at 330 Potrero Avenue, Sunnyvale, CA 94085. HCL can be served with process on its registered agent for service of process, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

2. Entergy is a Delaware corporation licensed to do business in Mississippi whose office is maintained at 1340 Echelon Parkway, Jackson, MS 39213. Entergy can be served with process on its registered agent for service of process, Steven T. Gray, at 308 East Pearl Street, Jackson, MS 39201.

## JURISDICTION

3. This action is brought by Plaintiff to recover damages for wrongs committed by the Defendants. Defendants maintain offices in Hinds County, Mississippi.

4. Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and Defendants have maintained offices and transacted business within this jurisdiction.

## FACTUAL BACKGROUND

5. Plaintiff resides in Hattiesburg, Mississippi, where he resided previously to his employment with HCL. After accepting employment with HCL, he resided at Oakbrook Apartments, 6675 Old Canton Road, Ridgeland, Mississippi 39465.

6. On or about March 2, 2017, Plaintiff was offered a contract position as Field Engineer by a representative of XPertVantage, LLC, a third-party recruiting company for HCL. The position involved a twelve-month contract with HCL at a pay rate of approximately $22 per hour as a W-2, Contract Employee "contingent on a satisfactory background check."

7. Plaintiff participated in a phone interview on or about March 10, and was informed he was selected for the position on or about March 16, 2017. On March 31, Plaintiff received a welcome letter via email with instructions on preparing for the job. On April 10, Plaintiff was given access to HCL's intranet and a company email address.

8. Plaintiff performed his duties at Entergy's location at 1340 Echelon Parkway, Jackson, MS 3921.

9. Plaintiff's job description and duties included, but were not limited to, project-related work for Field Services including server racking, network components configuration and moving the equipment's from the different sites; operation-work related to the tickets assigned to field services; configuring the network router, switches and voice related tickets and projects; providing on-site installation, validation and commissioning; performing hands-on on-site troubleshooting, service and repairs; providing high level technical support to

      external customers at their location; interfacing with cross-functional work teams such as field applications, customer support/services, product management, manufacturing and marketing/sales; and misc. other duties commensurate with the capabilities of a Field Service Engineer.

10. Plaintiff was notified on March 23, 2017, that USAFact was secured by HCL to perform a background check incident to his employment. Plaintiff was instructed to complete an "Authorization for the Social Security Administration to Release Social Security Number Verification" form for HCL. Plaintiff was also informed by USAFact that HCL had ordered a statewide criminal background check. An "Authorization to Release Information" was requested by USAFact on behalf of HCL, which was subsequently completed by Plaintiff.

11. During the period in which the background check was being performed, Plaintiff had numerous conversations with HCL employees to provide additional information, such as education and prior employment information. Based on information and belief, Plaintiff was never contacted by an Entergy employee regarding his background check.

12. Plaintiff's background verification was completed between March 23 and April 17, 2017. At no time during requests for additional information did HCL, XPertVantage, or Entergy contact Plaintiff regarding any criminal history contained in the background verification report.

13. Plaintiff began his employment with HCL in Jackson, MS on or about April 11, 2017.

14. On or about April 19, 2017, Plaintiff permanently relocated from Hattiesburg, Mississippi, entering into a lease agreement with Oakbrook Apartments in Ridgeland, Mississippi.

15. On information and belief, Plaintiff was informed on or about May 12, 2017, by a representative of HCL, that Plaintiff was being terminated by Entergy due to certain results of his background check. Plaintiff informed that Entergy had performed a second background verification, leading to his termination.

16. After his termination from HCL, Plaintiff has incurred significant personal and moving expenses related to his relocation back to Hattiesburg and loss of employment.

## COUNT I: VIOLATION OF
## THE FAIR CREDIT REPORTING ACT § 1681(b)(b)(2)

17. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-16 of the Complaint.

18. This count arises from Defendant's failure to provide Plaintiff with (a) a clear and conspicuous disclosure in writing in a single document consisting only of said disclosure, explaining that a consumer report may be obtained for employment purposes; and (b) failing to obtain authorization in writing from Plaintiff for the procurement of a consumer report.

19. Defendant's failure to provide Plaintiff with a disclosure explaining that a consumer report may be obtained and failure to obtain authorization for the procurement of a consumer report was willful.

20. Defendant's failure to provide Plaintiff with a disclosure explaining that a consumer report may be obtained and failure to obtain authorization for the procurement of a consumer report was negligent.

21. Defendant's violations of 15 U.S.C. § 1681(b)(b)(2) have caused damages.

22. Defendant is liable for damages caused to Plaintiff under 15 U.S.C. § 1681(n) and § 1681(o).

23. WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    a. An award of statutory, actual, and punitive damages against Defendant to Plaintiff as provided in 15 U.S.C. §§ 1681(n) and 1681(o);

    b. An award to Plaintiff of his attorney's fees and the costs of this action pursuant to 15 U.S.C. §§ 1681(n) and (o);

    c. An award to Plaintiff of his costs pursuant to 28 U.S.C. § 1920; and

    d. All such additional relief as the Court deems appropriate.

## COUNT II: PROMISSORY ESTOPPEL

24. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-23 of the Complaint.

25. Defendant, through its agents and employees, made certain promises to Plaintiff, including, but not limited to that Plaintiff would have 12-month employment with Defendant so long as Plaintiff completed a background check.

26. In making these promises to Plaintiff, Defendant knew or should have known that these promises would induce Plaintiff to forego other employment opportunities and relocate his residence in reasonable reliance on Defendant's promises and representations.

27. Plaintiff reasonably relied on Defendant's promises and representations as set forth in this Complaint and was induced by those promises and representations to relocate his residence and forego other employment opportunities.

28. As a proximate result of Defendant's failure to perform according to the promises and representations which it made to plaintiff and plaintiff's reliance on those promises to plaintiff's detriment, plaintiff has suffered and continues to suffer substantial losses in compensation all to his damage in an amount exceeding $4,800, the precise amount to be proven at the time of trial.

29. Wherefore, Plaintiff prays for damages as hereinafter set forth.

### COUNT III: BREACH OF CONTRACT

30. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-29 of the Complaint.

31. Plaintiff relied on the written representations of employment made by HCL, in the "Welcome Letter" and the oral statements of Defendant HCL as a contract of employment. As such a contract, it carried the implied promise that Plaintiff would be discharged from his employment only for good cause.

32. Based on the written and oral promises of Defendant HCL, as described above, Plaintiff expected to be employed by HCL, until discharged for good cause. Relying on the promises of Defendant HCL, Plaintiff relocated his residence.

33. Plaintiff's reliance on the promises of HCL was reasonable, in that there was nothing in the demeanor or representation of Defendant to indicate that it was incapable or unwilling to perform completely.

34. Defendant knew or should have known that Plaintiff would be reasonably induced to rely on their representations as described above.

35. Upon termination of Plaintiff, Defendant summarily discharged Plaintiff from his position at HCL, without good cause, with only information that Entergy, who was not Plaintiff's employer, desired his termination.

36. At the time of his dismissal, Plaintiff was an employee in good standing, had properly carried out all his duties and responsibilities, and was not guilty of any infraction of the policies of HCL.

37. Plaintiff is informed and believes, and on that basis, alleges, that he was discharged from Defendant HCL, solely because of the results of a subsequent, improper, and illegal background verification. A discharge on this basis is not a discharge for good cause.

38. As more specifically alleged above, Plaintiff has suffered monetary and mental damage as a direct and proximate result of Defendant's acts.

39. Wherefore, Plaintiff prays for damages as hereinafter set forth.

### COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. Plaintiff hereby incorporates all allegations contained in paragraphs 1-39 of the Complaint.

41. Under the Agreement, Defendant covenanted to perform in good faith and to deal fairly with Plaintiff in all respects related to the subject matter of the Agreement. This covenant of good faith prohibits conduct by one party which prevents or impairs or would tend to prevent or impair the other contracting party or other beneficiary of such contracting party from enjoying the benefits of the terms of

the contract intended to be enjoyed.

42. Plaintiff fulfilled all conditions, covenants and promises it was required to perform under the Agreement with Defendant, except those waived or excused by the breaches by Defendant.

43. In breaching the confidentiality provisions of the Agreement, as alleged above, Defendant is preventing Plaintiff from enjoying the benefits of the Agreement, which benefits Plaintiff was intended to enjoy and, accordingly, Defendant breached its duty of good faith and fair dealing.

44. As a direct and proximate result of Defendant's constructive and actual breach of the terms of the Agreement, Plaintiff has suffered and will continue to suffer damages, including but not limited to personal and moving expenses, in an amount to be determined at trial, but believed at present to be no less than $5,000.

45. Wherefore, Plaintiff prays for damages as hereinafter set forth.

## COUNT V: NEGLIGENCE

46. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-45 of the Complaint.

47. Defendants owed a duty of due care to Plaintiff to preserve the contractual relationship between Plaintiff and HCL, according to its terms and conditions and to carefully investigate any charges of wrongdoing by Plaintiff.

48. Particularly, Defendant HCL told Plaintiff he was discharged due to an improper and illegal background verification performed by Entergy. By discharging Plaintiff in violation of the terms and conditions of the oral and written contract between Plaintiff and HCL, the Defendants negligently violated their duties of

due care to Plaintiff.

49. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered monetary and mental damages as more fully described above.

50. Wherefore, Plaintiff prays for damages as hereinafter set forth.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-50 of the Complaint.

52. Defendant HCL's termination of Plaintiff, without good cause, due to concerns resulting from an improper background verification, caused Plaintiff severe distress, damage, and embarrassment. The action of Defendants constitute outrageous conduct, were not privileged, and were likely to cause Plaintiff emotional distress and suffering.

53. The actions of the Defendants, as set forth above, were done intentionally or with a reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

54. The outrageous acts of Defendants have directly and proximately caused Plaintiff to sustain general damages, including the infliction of mental and emotional anguish, distress and suffering, to the detriment of his general health, in an amount as not yet ascertained.

55. Each of the aforesaid actions was done willfully, fraudulently, maliciously, oppressively, and with conscious disregard of Plaintiff's rights, and with the intent of inflicting severe, emotional and mental distress upon said Plaintiff, and Plaintiff is entitled to recover therefor exemplary damages from Defendants.

56. Wherefore, Plaintiff prays for damages as hereinafter set forth.

### COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-56 of the Complaint.

58. Defendants knew or reasonably should have known that their actions were likely to result in emotional harm, anguish, and distress to Plaintiff.

59. As a direct and proximate result of the actions of Defendants, Plaintiff has sustained general damages, including the infliction of mental and emotional anguish, distress, and suffering, to the detriment of his general health, in an amount not yet ascertained.

60. Wherefore, Plaintiff prays for damages as hereinafter set forth.

### COUNT VIII: PUNITIVE DAMAGES

61. Plaintiff hereby incorporates all allegations contained in Paragraphs 1-60 of the Complaint.

62. The actions of all Defendants toward the Plaintiff herein have been either grossly negligent, reckless, intentional or malicious. The concerted efforts of HCL and Entergy are such that the conscience of the community would be shocked. As results of their actions, all Defendants cause severe mental and emotional distress, as well as economic damages to the Plaintiff. Plaintiff should be awarded punitive damages and attorney's fees as well as any other damages which in law and equity this Court finds appropriate.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this Complaint be received and filed by this Court, and that at trial, the Court will award Plaintiff a judgment for

compensatory and punitive damages from Defendants in an amount to be determined by a jury at trial, as well as costs of court and pre-judgment and post-judgment interests.

Plaintiff prays for such other relief as the Court deems proper.

Respectfully submitted on this the 11 day of AUGUST, 2017.

_____
IRA K. RUSHING
ATTORNEY FOR PLAINTIFF

*Of Counsel:*

Ira K. Rushing (MB# 105319)
The Rushing Law Firm
P.O. Box 13347
Jackson, MS 39236-3347
Phone: 601-668-6343
Email: ira@therushingfirm.com